**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LORETTA ELIA, | |
| Plaintiffs, | CIVIL ACTION NO. 3:11-CV-465 |
| v. | |
| ROBERT J. POWELL, MICHAEL T. CONAHAN, MARK A. CIAVARELLA, PA CHILD CARE, LLC, WESTERN PA CHILD CARE LLC, ROBERT K. MERICLE, MERICLE CONSTRUCTION, INC., PINNACLE GROUP OF JUPITER, LLC, BEVERAGE MARKETING OF PA, INC., VISION HOLDINGS, LLC, MID ATLANTIC YOUTH SERVICES CORP, and PERSEUS HOUSE, INC. d/b/a ANDROMEDA HOUSE, | (JUDGE CAPUTO) |
| Defendants. | |

**<u>MEMORANDUM</u>**

Presently before the Court are two motions to dismiss: one filed by Defendants Mid-Atlantic Youth Services Corp. ("MAYS"), PA Child Care, LLC ("PACC"), and Western PA Child Care, LLC ("WPACC") (collectively, the "Provider Defendants"); and one filed by Defendant Mark Ciavarella. The Provider Defendants' motion will be granted in part because Plaintiffs' § 1983, civil conspiracy, and false imprisonment claims are untimely; the motion will be denied in part because Plaintiffs state a timely RICO claim. And because judicial immunity only applies to Mr. Ciavarella's acts outside the courtroom, his motion will be granted in part and denied in part.

## I. Background

Plaintiffs' suit arises out of an alleged conspiracy involving judicial corruption on the part of two former Luzerne County Court of Common Pleas ("LCCCP") judges: Mark Ciavarella and Michael Conahan. Several other cases arising out of this alleged conspiracy have been consolidated in *Wallace v. Powell*, No. 3:09-cv-0286; Plaintiffs' complaint here incorporates by reference the allegations from the Master Long Form Complaint in *Wallace*.

The complaint alleges the following facts relevant to the motions under consideration:

Defendants Michael Conahan and Mark Ciavarella abused their positions as judges of the Luzerne County Court of Commons Pleas by accepting compensation in return for favorable judicial determinations. As part of this conspiracy, Mr. Conahan and Mr. Ciavarella acted with Defendants Robert Powell, Robert Mericle, Mericle Construction, Pennsylvania Child Care ("PACC"), Western Pennsylvania Child Care ("WPACC"), Mid-Atlantic Youth Services Corp. ('MAYS"), Pinnacle Group of Jupiter, LLC, Beverage Marketing of PA, Inc., Vision Holdings, LLC, and Perseus House, Inc. The basic outline of the conspiracy is that the two judges were paid approximately $2.6 million to use their influence as judicial officers to select PACC and WPACC as detention facilities, and that they then intentionally filled those facilities with juveniles to earn the conspirators excessive profits. The Provider Defendants participated in the payments. Mr. Ciavarella, Mr. Conahan, Mr. Powell, and Mr. Mericle took actions directly and through Pinnacle, Beverage Marketing, and Vision Holdings to conceal the payments.

Mr. Powell, doing business as PACC, acquired land in Luzerne County and entered into an agreement with Mr. Mericle to construct a juvenile detention center to be operated by PACC and/or MAYS. Mr. Conahan took official actions to remove funding from the Luzerne County budget from the Luzerne County facility, and he exerted influence to facilitate the construction, expansion, and lease of the PACC facility. On January 29, 2002, Mr. Conahan also signed a "Placement Guarantee Agreement" with PACC on behalf of Luzerne County that provided that the Court would pay PACC an annual rental fee. After the PACC facility was a success, with the involvement of the two judges, Mr. Powell and Mr. Mericle constructed a second facility to be operated by WPACC.

Mr. Ciavarella sentenced thousands of juveniles to detention in violation of their constitutional rights such as the right to counsel, the right to an impartial tribunal, and the right to a free and voluntary guilty plea. Both Mr. Conahan and Mr. Ciavarella pressured court probation officers to make recommendations in favor of incarcerating juvenile offenders, even when they would have otherwise recommended release also executed a number of schemes to conceal the unlawful proceeds of this conspiracy. They also failed to disclose their financial relationship with the other Defendants.

Plaintiff Andrew Elia was a juvenile who appeared before Mr. Ciavarella for an adjudication hearing in 2004. As a result of that hearing, Mr. Elia was incarcerated in the PACC facility. His mother, Plaintiff Loretta Elia, had to pay for his detention, lodging, and incarceration in the facility. Mr. Elia asserts that as a result of his unlawful incarceration, he suffered physical injuries and emotional distress.

3

Plaintiffs filed their complaint on March 11, 2011. The complaint alleges a violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68; a conspiracy to violate RICO; procedural and substantive due process violations under 42 U.S.C. § 1983; civil conspiracy; and false imprisonment. The Provider Defendants moved to dismiss on May 24, 2011. Mr. Ciavarella moved to dismiss on May 25, 2011. Both motions have been fully briefed and are ripe for disposition.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009) (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

4

Thus, when determining the sufficiency of a complaint, a court must undertake a three-part inquiry. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The inquiry involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). Under Rule 12(b)(6), a dismissal based on the statute of limitations is appropriate only where the untimeliness of the claim is clear on the face of the complaint. *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168 (3d Cir. 1978) (citations omitted).

### III. Discussion

**A. Judicial Immunity**

Mr. Ciavarella's motion to dismiss on judicial immunity grounds will be granted in part and denied in part. In his motion, Mr. Ciavarella incorporated his arguments from his motion to dismiss in *Wallace v. Powell*. In my order denying that motion in part and granting it in part, I held that Mr. Ciavarella was shielded by judicial immunity only for his courtroom conduct. *Wallace v. Powell*, No. 09-286, 2009 WL 4051974, at *6-10 (M.D. Pa. Aug. 24, 2010). Because the motion to dismiss and the underlying facts are the same in both cases, my analysis is also the same: Mr. Ciavarella is entitled to partial judicial immunity.

**B. Plain Statement of the Claim**

The Provider Defendants' motion to dismiss for failure to plainly state a claim will

be denied. Federal Rule of Civil Procedure 8(a)(2) requires that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim." The Provider Defendants argue that Plaintiff's manner of incorporating the Long Form Complaint is confusing and that it is unclear whether they are alleging unconstitutional false imprisonment, unconstitutional malicious prosecution, or both. However, Plaintiffs' complaint contains a clear list of the claims in the case. As stated above, the complaint asserts state tort claims for false imprisonment and civil conspiracy, § 1983 claims for both substantive and procedural due process violations, and civil RICO claims. This is sufficient to meet the standard of Rule 8, and so the complaint will not be dismissed on these grounds.

## B. Statutes of Limitations

Plaintiffs' § 1983, civil conspiracy, and false imprisonment claims must be dismissed for as untimely. Actions brought under §§ 1983 and 1985 are governed by the state statute of limitations for tort actions. *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).  Thus, in Pennsylvania, a plaintiff is subject to a two-year statute of limitations on any §§ 1983 claims.  *Id.* There is also a two-year statute of limitations for false imprisonment and civil conspiracy claims in Pennsylvania. 42 Pa. Cons. Stat. Ann. § 5524(1). The limitations period runs from the date when the plaintiff knew or should have known about the alleged civil rights violation, *Sameric*, 142 F.3d at 599, but the doctrine of equitable estoppel allows that a statute of limitations may be tolled where there has been either intentional or unintentional deception  by the defendant, *Nesbitt v. Erie Coach Co.*, 204 A.2d 473, 476 (Pa. 1964) (quoted in *Wallace*, 2010 WL 3398995 at *15). In *Wallace*, I determined that based on the doctrine of

6

equitable estoppel, the statute of limitations on bringing claims regarding this alleged

conspiracy could be tolled until January 26, 2009, the date the U.S. Attorney filed a

criminal information outlining the Defendants' alleged conspiracy. *Wallace*, 2010 WL

3398995 at *15. The Provider Defendants move to dismiss Plaintiffs' complaint because

it was not filed until March 11, 2011, which is more than two years after the tolling date.

Plaintiffs respond that the statute of limitations should be tolled until one of two later

dates: either (1) March 26, 2009, when the Pennsylvania Supreme Court ordered the

vacation and expungement of the adjudications of all juveniles who appeared before Mr.

Ciavarella between 2003 and 2008; or (2) July 23, 2010, when Mr. Conahan pleaded

guilty to racketeering conspiracy. But although the two suggested dates perhaps

constituted some official recognition of wrongdoing by the Defendants, they were not the

first moment when potential plaintiffs knew or should have known about the existence of

the conspiracy. That moment remains, as I held in *Wallace*, the date of the criminal

information. Thus, the Provider Defendants' motion to dismiss Plaintiffs' § 1983, civil

conspiracy, and false imprisonment claims as untimely will be granted.

Plaintiffs' RICO claims, however, are timely. Civil claims under RICO are subject

to a four-year statute of limitations. *Rotella v. Wood*, 528 U.S. 549 (2000). In the Third

Circuit, the four-year period begins at the time "when the plaintiffs knew or should have

known of their injury." *Forbes v. Eagleson*, 228 F.3d 471, 484 (3d Cir. 2000).[1] Based on

the doctrine of equitable estoppel, as discussed above, Plaintiffs had four years from

January 26, 2009 to file their civil RICO claims. Because Plaintiffs filed on March 11,

---

[1] The Supreme Court has not yet determined when a civil RICO claim accrues. *Rotella v. Wood*, 528 U.S. 549, 554 n.2 (2000).

2011, the motion to dismiss the civil RICO claims as untimely must be denied.

**C. RICO**

The Provider Defendants also move to dismiss the complaint on the basis that it fails to state a proper civil RICO claim. Plaintiffs allege violations of § 1962 of RICO, 18 U.S.C. §§ 1961-68. Section 1962(c) of RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Section 1962(d) makes it unlawful "for any person to conspire to violate" § 1962(c). *Id.* § 1962(d). "Any person injured in his business or property" by a violation of § 1962 may file a civil action against the violator. *Id.* § 1964(c). To plead a civil RICO claim, "the plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting *Lum. v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004)). If a plaintiff fails to allege an substantive RICO violation, any conspiracy claim under § 1962(d) must also be dismissed. *Id.* at 364.

The RICO claims will not be dismissed. The Provider Defendants move to dismiss on three grounds. First, they argue that the allegations do not establish any actions on their part. Second, they argue that Plaintiffs' injuries are too indirect and remote to establish standing. Finally, they argue that Plaintiffs fail to allege sufficient facts to establish a conspiracy under § 1962(d). WPACC raised the same arguments in its motion to dismiss in *Gillette v. Ciavarella*, No. 3:11-cv-658, 2012 WL 279471 (M.D. Pa. Jan. 31, 2012), another case arising out of this same set of facts. Because Plaintiffs

8

here make nearly identical allegations as those in *Gillette*, the reasoning in that case applies here as well. Plaintiffs may attempt to prove predicate acts on the part of the Provider Defendants under a *respondeat superior* theory by showing that the individual Defendants were acting on behalf of the corporations and in the scope of their employment. *See id.* at *5-6. Plaintiffs have shown a direct injury and they, not Luzerne County, are the appropriate party to assert RICO claims against WPACC. *See id.* at *6. Finally, the facts are sufficient to plead a conspiracy. *See id.* at *7. For these reasons, the Provider Defendants' motion to dismiss the RICO claims will be denied.

### IV. Conclusion

For the reasons stated above, both Mr. Ciavarella's and the Provider Defendants' motions to dismiss will be granted in part and denied in part. An appropriate order follows.

 February 23, 2012                                       /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                         United States District Judge